UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
OLEG K. TKACHUK, on behalf of himself and on behalf of
other similarly situated individuals,

                                     Plaintiff,

                   -against-

BNV HOME CARE SERVICES, INC.,
a/k/a BNV HOME CARE AGENCY, INC.,
a/k/a BNV HOME CARE SERVICES, INC. (BKLYN),
and JOHN DOES 1-25,

                               Defendants.
-----------------------------------------------------------------------X

**COLLECTIVE AND
CLASS COMPLAINT AND
DEMAND FOR JURY TRIAL**

Civ. No:

      Plaintiff OLEG K. TKACHUK ("Plaintiff" or "Tkachuk"), on behalf of himself and all other similarly situated individuals, by and through his attorneys, THE LAW OFFICE OF ALAN J. SASSON, P.C., as and for his Collective and Class Action Complaint in this action against Defendants BNV HOME CARE SERVICES, INC., a/k/a BNV HOME CARE AGENCY, INC., a/k/a BNV HOME CARE SERVICES, INC. (BKLYN) and JOHN DOES 1-25, (collectively "Defendants"), based upon information and belief of Plaintiffs' counsel, except for allegations specifically pertaining to Plaintiffs, which are based upon Plaintiffs' personal knowledge, hereby allege as follows:

## NATURE OF THE CLAIMS

1.       Plaintiff brings this action, on behalf of himself and on behalf of all other similarly situated persons, to recover for Defendants': (i) failure to pay overtime as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. and the New York Labor Law

("NYLL"), §§ 650 et seq.; and (ii) failure to furnish accurate wage statements in violation of NYLL § 195.

2.      Plaintiff's claims under the FLSA are brought as a collective action, pursuant to 29 U.S.C. §216(b), on behalf of himself and on behalf of all other similarly situated persons who were/are employed by Defendants as home health aide workers and home attendants ("Home Attendant") and/or in similar positions who were/are not paid overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek for the period of May 31, 2010 to the date of the final disposition of this action (the "FLSA Collective Period"). Plaintiff and all such other similarly situated persons are jointly referred to herein as the "FLSA Collective."

3.      Members of the FLSA Collective are similarly situated because they were all subject to Defendants' common policy and/or practice that resulted in not paying overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek during the FLSA Collective Period.

4.      Plaintiffs' claims under the NYLL are brought as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23 on behalf of himself and on behalf of all other similarly situated persons who were/are employed by Defendants in the State of New York as Home Attendants and/or in similar positions who: (i) were/are not paid overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek; and (ii) were not provided accurate wage statements, for the period of May 31, 2010 to the date of the final disposition of this action (the "New York Class Period"). Plaintiff and all other such similarly situated persons are jointly referred to herein as the "New York Class."

5.      Members of the New York Class are similarly situated because, during the New York Class Period, they were all subject to Defendants' common policy and/or practice of not paying overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per week, making unlawful deductions from wages, illegally retaining employees' gratuities and "charges purported to be gratuities," and not providing accurate wage statements, as well as Defendants' breach of employment contract and unjust enrichment.

### 1.      JURISDICTION AND VENUE

6.      Pursuant to 28 U.S.C. §§1331 and 1343, the Court has subject matter jurisdiction over this action because this action involves federal questions regarding the deprivation of Plaintiff's rights under the FLSA. Pursuant to 28 U.S.C. §1367(a), the Court has supplemental jurisdiction over Plaintiff's related claims under the NYLL.

7.      Pursuant to 28 U.S.C. §1391(b)(2), venue is proper in this district because a substantial part of the events or omissions giving rise to this action occurred in this district.

### 2.      PARTIES

8.      Plaintiff Oleg K. Tkachuk is an adult resident of the State of New York and a former employee of Defendants. At all relevant times, he was an "employee" within the meaning of all applicable statutes. A Consent to Participate as a Plaintiff in this action executed by Mr. Tkachuk will be filed with the Court.

9.      Defendant BNV HOME CARE SERVICES, INC., a/k/a BNV HOME CARE AGENCY, INC., a/k/a BNV HOME CARE SERVICES, INC. (BKLYN). ("BNV") is a domestic not-for-profit corporation operating in the home healthcare industry in the City and State of New York, County of Kings.  Defendant BNV is an "employer" and an "enterprise engaged in

commerce or in the production of goods for commerce" as those phrases are defined in the FLSA.

10.     John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## FACTUAL ALLEGATIONS

### Background

11.     Defendants employed Plaintiff as a full-time Home Attendant from at least October 2011 until September 2014.  Plaintiff's duties include household chores, meal preparation, hygiene assistance, personal healthcare and running errands for the persons to whom Defendants assigned him ("Consumer").

12.     Plaintiff was responsible for all aspects of his consumer's welfare, including but not limited to providing companionship, meal service, grooming assistance, medication administration, bill payment assistance, shopping/errand accompaniment, laundry, toileting assistance and house cleaning.  These services were provided in the home of the Consumer, Plaintiff spent approximately half of his working hours doing household chores such as cleaning, laundry, dishes and cooking for the Consumer.

13.     Defendants paid Plaintiff and others at a rate of $9.50 per hour worked; and failed to pay time and one half after forty hours per week.

14.     Plaintiff had no supervisory duties or responsibilities and did not set Defendants' policies nor act with independence or exercise judgment and discretion.

15.     At all time mentioned herein, Plaintiff and the others were responsible for their own work and did not have administrative or management responsibilities, as those terms are used in connection with the FLSA and state wage and hour statutes and regulations.

16.     Plaintiff's duties and the duties of others similarly situated did not require knowledge of an advanced type in a field of service or learning customarily acquired by a prolonged course of specialized intellectual instruction or study.

17.     The work of the Plaintiff and others similarly situated required only minuscule amounts of discretion or independent judgment.  Plaintiff was neither responsible for, nor allowed to make, relevant decisions regarding policy, procedures or protocol.  Plaintiff was otherwise subject to the control, policies and procedures of Defendant in making decisions in the course of his employment.  Plaintiff was not classified as administrative personnel, and did not perform an administrative role with Defendant.  Plaintiff was a production-type employee tasked with home healthcare, household work, and personal supervision and companionship, and similar duties.

18.     Defendants monitored Plaintiff's compliance with its guidelines, procedures, and policies by periodically reviewing Plaintiff's work performance, and by sending supervisors and individuals from management to periodically observe him.

19.     The work performed by Plaintiff and putative collective action members was non-exempt work, as that term is used and defined in the U.S. Department of Labor's ("DOL") regulations promulgated under the FLSA, and the comparable state wage and hour provisions and regulations in effect in New York.

20.     Throughout his employment with Defendants, Defendants failed to post the notices required by 29 C.F.R. § 516.4 (and state analogs), in an attempt to prevent Plaintiff and the others from knowing their FLSA and NYLL rights.

21.     Plaintiff and the class members were and are entitled to be paid overtime at one and one-half times their respective regular rates of pay for each hour in excess of forty hours that they worked in any workweek pursuant to the FLSA and NYLL and implementing regulations.

22.     During his tenure in Defendants' employ, Plaintiff and the class members were not paid for all hours worked, including their rest and meal periods, during which they performed their principal activities, including but not limited to those listed above.

23.     Defendants willfully misclassified Plaintiff and all other similarly situated in order to avoid paying them the full wages to which they were and are entitled; and that action was not based upon advice of counsel nor reliance on guidance from a court or governmental agency of competent jurisdiction.

24.     Defendants systematically failed or refused to keep adequate time records in violation of 29 U.S.C. § 211(c) (and state analogs).

25.     Plaintiff and the other Home Attendants, therefore, may establish the hours worked by their own records and testimony.

26.     Defendant failed to pay Plaintiff spread of hours pay, as required by state law.

27.     Plaintiff's FLSA claims for minimum wage and overtime are brought as a collective action pursuant to 29 U.S.C. § 216(b), alleging that Defendant employed the common policy or practice of paying Plaintiff and other Home Attendants straight-time, regardless of the number of hours worked, failed to pay for all hours worked, failed to post the required notices in

its workplace(s), and failed to keep the required records.  Plaintiff's state law claims are brought individually.

28.    During the FLSA Collective Period and the New York Class Period, Plaintiff and the members of the FLSA Collective and the New York Class were paid on a W-2 basis and were considered employees of BNV .

29.    During the FLSA Collective Period and the New York Class Period, Plaintiff and the members of the FLSA Collective and the New York Class were subject to uniform and illegal policies and practices by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

30.    Plaintiff brings his FLSA claims as a collective action pursuant to the FLSA on behalf of himself and on behalf of all other similarly situated persons who were/are employed by Defendants as Home Attendants in similar positions who were/are not paid overtime at a rate of one and one-half times their regular rate for all hours worked in excess of 40 hours per workweek during the FLSA Collective Period.

31.    The basic job duties of the FLSA Collective were/are the same as or substantially similar to those of Plaintiff, and the members of the FLSA Collective were/are paid in the same manner and under the same common policies, plans and practices as Plaintiff.

32.    The members of the FLSA Collective, like Plaintiff, all have been subject to the same unlawful policies, plans and practices of Defendants, including Defendants' failure to pay overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek.

33.     During the FLSA Collective Period, Defendants were fully aware of the duties performed by Plaintiff and the FLSA Collective, and that those duties were not exempt from the overtime provisions of the FLSA.

34.     As a result of Defendants' conduct as alleged herein, Defendants violated 29 U.S.C. §207 by not paying the FLSA Collective and Plaintiff overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek.

35.     Defendants' violations of the aforementioned statutes were willful, repeated, knowing, intentional and without a good faith basis, and significantly damaged Plaintiff and the FLSA Collective.

36.     As a result of Defendants' conduct, Defendants are liable to Plaintiff and the FLSA Collective for the full amount of their overtime, plus an additional equal amount as liquidated damages, plus the attorneys' fees and costs incurred by Plaintiff and the FLSA Collective.

37.     Plaintiff is currently unaware of the identities of the members of the FLSA Collective. Accordingly, Defendants should be required to provide Plaintiff with a list of all persons employed by Defendants as Home Attendants and/or in similar positions during the FLSA Collective Period, along with their last known addresses, telephone numbers and e-mail addresses so Plaintiff can give the members of the FLSA Collective notice of this action and an opportunity to make an informed decision about whether or not to participate in it.

## RULE 23 CLASS ACTION ALLEGATIONS

38.     Plaintiff brings his NYLL claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of himself and on behalf of all other similarly situated persons who were/are employed by Defendants in the state of New York as Home Attendants and/or in

similar positions who were/are not paid overtime at a rate of one and one-half times their regular rate for all hours worked in excess of 40 hours per workweek and who were not furnished with accurate wage statements during the NYLL Class Period.

39.     The basic job duties of the New York Class were/are the same as or substantially similar to those of Plaintiff, and the New York Class were/are paid in the same manner and under the same common policies, plans and practices as Plaintiff.

40.     The New York Class, like Plaintiff, all have been subject to the same unlawful policies, plans and practices of Defendants, including not paying overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek and not providing accurate wage statements.

41.     During the New York Class Period, Defendants were fully aware of the duties performed by Plaintiff and the New York Class, and that those duties were not exempt from the overtime and other applicable provisions of the NYLL and/or its regulations.

42.     As a result of Defendants' conduct as alleged herein, Defendants violated the NYLL and/or its regulations by not paying the New York Class and Plaintiff overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek and by not providing accurate wage statements.

43.     Defendants' violations of the NYLL and/or its regulations were willful, repeated, knowing, intentional and without a good faith basis, and significantly damaged Plaintiff and the New York Class.

44.     As a result of Defendants' conduct, Defendants are liable to Plaintiff and the New York Class for the full amount of their overtime wages, wages earned, and wages deducted, plus

an additional amount as liquidated damages, plus the attorneys' fees and costs incurred by Plaintiff and the New York Class.

45. Certification of the New York Class members' claims as a class action is the most efficient and economical means of resolving the questions of law and fact common to Plaintiffs claims and the claims of the New York Class. Plaintiff has standing to seek such relief because of the adverse effect that Defendants' unlawful compensation policies and practices have had on them individually and on members of the New York Class. Without class certification, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations. Certification of the New York Class is the most efficient and judicious means of presenting the evidence and arguments necessary to resolve such questions for Plaintiff, the New York Class and Defendants.

46. Plaintiffs' claims raise questions of law and fact common to the New York Class, including but not limited to:

(a)  Whether Defendants failed to pay Plaintiff and the New York Class overtime at a rate of one and one-halftimes their regular rate of pay for all hours worked in excess of 40 hours per workweek during the New York Class Period;

(b)  Whether Defendants' failure to pay overtime to Plaintiff and the New York Class constitutes a violation of NYLL §650 *et seq.* and 12 N.Y.C.RR §142.2-2;

(c)  Whether Defendants failed to provide Plaintiff and the New York Class with accurate wage statements;

(d)  Whether Defendants' failure to provide accurate wage statements constitutes a violation of NYLL §§ 195 *et seq.*;

(e)  Whether Defendants failed to maintain a time keeping system to track the hours worked by Plaintiff and the members of the FLSA Collective and NYLL Class; and

        (f)     Whether Defendants' violations of the NYLL and/or its regulations were willful.

47. These common questions of law and fact arise from the same course of events, and each class member will make similar legal and factual arguments to prove liability.

48. Plaintiff is a member of the New York Class that he seeks to represent. Plaintiff's claims are typical of the claims of the New York Class. The relief Plaintiff seeks for the unlawful policies and practices complained of herein are also typical of the relief which is sought on behalf of the New York Class.

49. Plaintiff's interests are co-extensive with those of the New York Class that they seek to represent in this case. Plaintiff is willing and able to represent the New York Class fairly and to vigorously pursue their similar individual claims in this action. Plaintiff has retained counsel who are qualified and experienced in employment class action litigation, and who are able to meet the time and fiscal demands necessary to litigate a class action of this size and complexity. The combined interests, experience and resources of Plaintiff and their counsel to litigate the individual and New York Class claims at issue in this case satisfy the adequacy of representation requirement of Fed. R. Civ. P. 23(a)(4).

50. Defendants have acted or refused to act on grounds generally applicable to the New York Class, making final injunctive and declaratory relief appropriate with respect to the New York Class as a whole.

51. Injunctive and declaratory relief are the predominant relief sought in this case because they are the culmination of the proof of Defendants' individual and class-wide liability and the essential predicate for Plaintiffs and the New York Class members' entitlement to monetary and non-monetary remedies to be determined at a later stage of the proceedings.

52.     The common issues of fact and law affecting Plaintiffs claims and those of the New York Class members, including the common issues identified above, predominate over any issues affecting only individual claims.

53.     A class action is superior to other available means for the fair and efficient adjudication of Plaintiff's claims and the claims of the New York Class. There will be no difficulty in the management of this action as a class action.

54.     The cost of proving Defendants' violations of the New York and the supporting New York State Department of Labor regulations makes it impracticable for Plaintiff and the New York Class to pursue their claims individually. Maintenance of a class action promotes judicial economy by consolidating a large class of Plaintiffs litigating identical claims. The claims of the New York Class interrelate such that the interests of the members will be fairly and adequately protected in their absence. Additionally, the questions of law and fact common to the New York Class arise from the same course of events and each class member makes similar legal and factual arguments to prove the Defendants' liability.

55.     The New York Class is so numerous that joinder of all members is impracticable. While the exact number of the New York Class is unknown to Plaintiff at the present time, upon information and belief, there are at least 40 other similarly situated persons who were/are employed by Defendants as Home Attendants and/or in similar positions during the New York Class Period.

56.     Plaintiff is currently unaware of the identities of the New York Class members. Accordingly, Defendants should be required to provide Plaintiff with a list of all persons employed by Defendants as Home Attendants and/or in similar positions during the New York Class Period, along with their last known addresses, telephone numbers and e-mail addresses so

Plaintiff can give the New York Class notice of this action and an opportunity to make an informed decision about whether to participate in it.

## FIRST CLAIM FOR RELIEF
### (Failure to Pay Overtime in Violation of 29 U.S.C. §207)

57.     Plaintiff, on behalf of himself and the FLSA Collective, hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

58.     The FLSA requires covered employers, such as Defendants, to pay all nonexempt employees at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek. Plaintiff and the FLSA Collective were not exempt from the requirement that Defendants pay them overtime under the FLSA.

59.     During the FLSA Collective Period, Defendants knew that Plaintiff and the FLSA Collective usually worked at least 60 hours per workweek for Defendants. However, Defendants did not pay them overtime for hours worked in excess of 40 hours per workweek.

60.     As a result of Defendants' failure to pay Plaintiff and the FLSA Collective overtime at a rate of one and one-half times their regular rate of pay for hours worked in excess of 40 hours per workweek, Defendants violated the FLSA.

61.     At all times mentioned herein, the annual dollar volume of business of Defendants exceeded $500,000.00.

62.     The foregoing conduct of Defendants constitutes willful violations of the FLSA. Defendants' violations of the FLSA have significantly damaged Plaintiff and the FLSA Collective and entitle them to recover the total amount of their unpaid overtime wages, an additional equal amount in liquidated damages, as well as attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF
**(Failure to Pay Overtime in Violation of NYLL §650 et seq. and 12 N.Y.C.R.R. §142-2.2)**

63.     Plaintiff, on behalf of himself and the New York Class, hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

64.     NYLL §650 and 12 N.Y.C.R.R. §142-2.2 require a covered employer, such as Defendants, to pay employees overtime at a rate of one and one-half times the employee's regular rate of pay in the manner and methods provided in the FLSA. Plaintiff and the New York Class were not exempt from the requirement that Defendants pay them overtime under the NYLL and/or its regulations.

65.     During the New York Class Period, Defendants knew that Plaintiff and the New York Class usually worked over 60 hours per workweek for Defendants. However, Defendants intentionally did not properly pay them overtime for hours worked in excess of 40 hours per workweek.

66.     As a result of Defendants' failure to pay Plaintiff and the New York Class overtime at a rate of one and one-half times their regular rate of pay for hours worked in excess of 40 hours per workweek, Defendants violated the NYLL and 12 N.Y.C.R.R. §142-2.2.

67.     The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

68.     Defendants' violations of the NYLL and/or its regulations have significantly damaged Plaintiff and the New York Class and entitle them to recover the total amount of their

unpaid overtime wages, an additional equal amount in liquidated damages, as well as attorneys' fees and costs.

## THIRD CAUSE OF ACTION
### (Failure to Provide Accurate Wage Statements in Violation of New York Labor Law §195)

69.     Plaintiff, on behalf of himself and the New York Class, hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

70.     The NYLL requires covered employers, such as Defendants, to furnish accurate wage statements to their employees with every payment of wages, and to provide notice to employees of any change in their rate of pay. Plaintiff and members of the New York Class were not exempt from this requirement.

71.     Defendants failed to furnish accurate wage statements to Plaintiff and the members of the New York Class, in violation of NYLL §195 by, inter alia, providing Plaintiff and the members of the New York Class with wage statements that falsely represented that they had worked fewer hours per week than they actually had.

72.     The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

73.     Defendants' violations of the NYLL have significantly damaged Plaintiff and the New York Class and entitle them to recover damages of one hundred dollars per person affected for each work week that such violations occurred, up to a total of two thousand five hundred dollars per person affected, together with attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself, the FLSA Collective and the New York Class, respectfully request that this Court:

A. Declare that the practices complained of herein are unlawful under applicable federal and state law;

B. Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. §216, and direct Defendants to provide Plaintiff with a list of all persons who were/are employed by Defendants as Home Attendant and/or in similar positions during the FLSA Collective Period, including all last known addresses, telephone numbers and e-mail addresses of each such person so Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

C. Determine the damages sustained by Plaintiff and the FLSA Collective as a result of Defendants' violations of the FLSA, and award those damages against Defendants and in favor of Plaintiff and the FLSA Collective, plus such pre-judgment and post-judgment interest as may be allowed by law;

D. Award Plaintiff and the FLSA Collective an additional equal amount as liquidated damages because Defendants' violations were willful and/or without a good faith basis;

E. Declare this action to be maintainable as a class action pursuant to Fed. R Civ. P. 23, and direct Defendants to provide Plaintiff with a list of all persons who were/are employed by Defendants as Home Attendant and/or in similar positions during the New York Class Period, including all last known addresses, telephone numbers and e-mail addresses of each such person so Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

F. Designate Plaintiff as a representative of this class, and his counsel of record as class counsel;

G. Determine the damages sustained by Plaintiff and the New York Class as a result of Defendants' violations of the NYLL and/or its regulations, and award those damages against Defendants and in favor of the Plaintiff and the New York Class, plus such pre-judgment and post-judgment interest as may be allowed by law;

H. Award Plaintiff and the New York Class an additional amount as liquidated damages pursuant to the NYLL because Defendants' violations were willful and/or without a good faith basis;

I. Award Plaintiff, the FLSA Collective and the New York Class their reasonable attorneys' fees and costs and disbursements in this action including, but not limited to, any accountants' or experts' fees;

J. Enjoin Defendants from engaging in any further acts of illegal retaliation; and

K. Grant Plaintiff, the FLSA Collective and the New York Class such other and further relief that the Court deems just and proper.

## JURY DEMAND

Plaintiff, on behalf of himself and on behalf of all other similarly situated persons, hereby demands a trial by jury on all issues of fact and damages.

Dated: Brooklyn, New York
May 30, 2016

**LAW OFFICE OF ALAN J. SASSON, P.C.**

By: /s/ Alan J. Sasson
        Alan J. Sasson, Esq.
        *Attorneys for Plaintiffs*
        2687 Coney Island Avenue, 2nd Floor
        Brooklyn, New York 11235
        (718) 339-0856